UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EARL DUNLAP, individually and as assignee of Par3 Technology, Inc. MANUFACTURING BY DESIGN, INC., </br></br>Plaintiffs,</br>vs.</br></br>SWITCHBOARD APPARATUS, INC., DALE HOPPENSTEADT,</br></br>Defendants. | NO. 1:12-cv-00020-TWP-DKL |

## ENTRY ON PLAINTIFFS' ORAL MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

On May 1, 2012, the Court held an evidentiary hearing on two intertwining motions: Defendants' Motion to Transfer (Dkt. 10) and Defendant Dale Hoppensteadt's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 12). Defendants requested this hearing "[b]ecause the parties dispute facts that may be essential to deciding either or both of these motions[.]" (Dkt. 33 at 1). Near the conclusion of the hearing, Plaintiffs' counsel orally moved for leave to file numerous additional affidavits, notwithstanding the fact that both motions have been ripe for roughly two months – since March 2, 2012. The Court took Plaintiffs' motion under advisement.

Having considered the issue, the Court denies Plaintiffs' motion for two reasons. First, the evidentiary hearing was held at Defendants' request. It would be fundamentally unfair to, in effect, punish Defendants because they asked for a hearing. Second, as mentioned, the two motions at issue have been ripe for months. Plaintiff had an obligation to request jurisdictional discovery in a timely manner. Courts cannot give "do overs" every time parties have revelations

about how to make their arguments more persuasive. Simply stated, Plaintiffs' request to supplement the record with additional favorable evidence is too late. It is true, as Plaintiffs emphasize, that courts have discretion to permit relatively broad discovery when it comes to personal jurisdiction issues. *See, e.g., Draper, Inc. v. MechoShade Systems, Inc.*, 2012 WL 287480, at *2 (S.D. Ind. Jan. 30, 2012) (collecting cases). However, the scope of this discovery is not limitless. *Id*. That latter principle applies with considerable force here. Not only is Plaintiffs' request belated, it also would adversely affect Defendants. For these reasons, Plaintiffs' oral Motion for Leave to Supplement the Record is **DENIED**. The Court will issue a ruling on the pending motions in this case in due course.

SO ORDERED.    05/02/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

**Ryan Michael Hurley**
FAEGRE BAKER DANIELS LLP - Indianapolis
ryan.hurley@FaegreBD.com

**William Norris Ivers**
HARRISON & MOBERLY
wivers@harrisonmoberly.com

**Harmony A. Mappes**
FAEGRE BAKER DANIELS LLP - Indianapolis
harmony.mappes@faegrebd.com

**James D. Peterson**
GODFREY & KAHN, S.C.
jpeterson@gklaw.com